# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number:**

ANCEL MONTENELLI,

      Plaintiff,

vs.

STAN'S DONUTS DAMEN AVE., LLC
d/b/a STANS DONUTS & COFFEE

      Defendants.

---

## COMPLAINT

---

Plaintiff, Ancel Montenelli, by and through his undersigned counsel, hereby sues Defendant Stan's Donuts Damen Ave., LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and the Illinois Human Rights Act and alleges:

### JURISDICTION

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.      Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

3.      The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102) are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

1

## PARTIES

4.     Ancel Montenelli (hereinafter referred to as "Plaintiff") is a resident of the state of Illinois. The Plaintiff suffers from spinal cord injury and uses a wheelchair for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

5.     Defendant Stan's Donuts Damen Ave., LLC (which is also referenced herein as "Defendant") is an Illinois corporation. The Defendant is authorized to conduct, and is conducting business within the State of Illinois.

6.     On information and belief, at all times material hereto, the Defendant is the owner (or lessee) and operator of the real property located at 1560 North Damen Avenue, Wicker Park, Chicago, Illinois. The Defendant owns and operates a bakery/donut shop called "Stan's Donuts and Coffee" at this location. The bakery/donut shop which is the subject of this action and is also referred to as "Stan's Donuts," "donut shop," "Subject Facility," and/or "place of public accommodation."

7.     All events giving rise to this lawsuit occurred in the State of Illinois. Venue is proper in this Court as the business operated within the real property at 1560 North Damen Avenue, Wicker Park, Chicago, Illinois is located within the jurisdiction of this Court.

8.     The donut shop is defined as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) because it is a bakery which is open to the general public.

9.     Stan's Donuts is famous donut purveyor of great donuts that attracts customers from far and wide to eat their world famous donuts creations.

## <u>FACTS</u>

10.     On September 14, 2015, the Plaintiff personally visited Defendant's donut shop with the intention of ordering and enjoying a donut therein. The Plaintiff was denied full and equal access because the donut shop main entrance has not one, but has two steps and does not provide a safety portable ramp. The two steps at the entrance have prohibited the Plaintiff's ability to enter (maneuver himself and his wheelchair) into and throughout the donut shop. Hence, the donut shop is/was not readily accessible.



11.     The Plaintiff left the donut shop embarrassed and humiliated over being denied equal access to this place of public accommodation. Plaintiff traveled to Stan's to try one of their world famous donuts, but was only met with indifference.     For confirmation of visit, see Exhibit A.

12.     The Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at the donut shop, a place of public accommodation, all in violation of the ADA.

13.     As a result of the Defendants' discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

14.     Any and all requisite notice has been provided.

15.     The Plaintiff has been obligated to retain the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.   Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.


## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

16.     Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 15 herein above.

17.     The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities.  The ADA was enacted and effective as of July 26, 1990.  The ADA legislation has been protecting disabled persons from discrimination due to disabilities for over 25 years.  As such, all public accommodations and facilities have had adequate time for compliance.

18.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)    discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public

services and public facilities;

(iv)     Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42  U.S.C. §12101(a)(1)-(3), (5) and (9).

19.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

20.     Pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104, the donut shop (Stan's Donuts and Coffee) is a place of public accommodation in that it is a bakery open to the general public.   As a place of public accommodation, it is under the requirements of the ADA and must be in compliance therewith.

Case: 1:15-cv-11116 Document #: 1 Filed: 12/10/15 Page 6 of 12 PageID #:6

21.      As the operator of a bakery, the Defendant is defined as a "Public Accommodation" within meaning of Title III because the Defendant is a private entity which owns, leases, or operates a bakery; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104 and the Illinois Human Rights Act, as codified at 775 ILCS 5.

22.      The Defendant has discriminated, and continue to discriminate, against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the bakery, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23.      Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the bakery.

24.      Prior to the filing of this lawsuit, the Plaintiff personally visited the bakery known as Stan's Donuts and Coffee with the intention of patronizing the place of public accommodation, but (as an individual with a disability who utilizes a wheelchair for mobility) has been denied adequate accommodation by virtue of being unable to gain access with the use of his wheelchair within the place of public accommodation and therefore suffered an injury in fact.

25.      The Plaintiff continues to desire to patronize the bakery known as Stan's Donuts and Coffee in the future, but continues to be injured in that he continues to be discriminated against due to the architectural barriers at the entrance of the bakery, in violation of the ADA.

6

26.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27.     The bakery which is owned and operated by the Defendant is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

   i.   failure to provide an accessible entrance and failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

   ii.  failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

28.     Upon information and belief the Defendant is in violation of other provisions of the ADA, and only once a full inspection is done can all said violations be identified.

29.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

30.     Pursuant to the ADA, 42 U.S.C. §12181 et seq., and 28 C.F.R. §36.304, the Defendant has been required to make the bakery (a place of public accommodation)

accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the bakery to make it readily accessible to, and useable by individuals with disabilities to the extent required by the ADA, and closing the bakery until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Ancel Montenelli hereby demands judgment against Defendant Stan's Donuts Damen Ave., LLC and requests the following injunctive and declaratory relief:

a) The Court declares that the bakery owned, operated, controlled, and/or administrated by Defendant Stan's Donuts Damen Ave., LLC is in violation of the ADA and order the bakery to be closed to the public until such time that it is deemed by this Court to be accessible;

b) The Court enter an Order requiring Defendant Stan's Donuts Damen Ave., LLC to alter the bakery to make it accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing Defendant Stan's Donuts Damen Ave., LLC to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the bakery;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and

other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e)       The Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

32.       Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 15 above.

33.       The Defendant Stan's Donuts Damen Ave., LLC has violated the Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

34.       The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

35.       The Plaintiff suffers from a disability included within the definition of disability as delineated within the ILHRA, which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

36.       Defendant Stan's Donuts Damen Ave., LLC owns and/or operates a bakery which is a place of public accommodation, as defined within 775 ILCS 5/5-101(A)(5).

37.        The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

38.     The violations of Illinois law were deliberate and knowing.

39.     Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendant in accordance with the code of civil procedure.

    **WHEREFORE,** Plaintiff Ancel Montenelli respectfully prays that this Court grant the following relief against Defendant Stan's Donuts Damen Ave., LLC including damages costs and reasonable attorney's fees and for the following injunctive relief and declaratory relief:

a)      A declaration that the Defendant has owned and/or operated the bakery in violation of the ILHRA and have violated 775 ILCS 5 et. seq in that the Defendant failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

b)      An Order mandating that Defendant undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c)      An Order mandating that Defendant expeditiously make all reasonable and appropriate modifications to the bakery to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d)      Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e)      Award reasonable costs and attorneys fees; and

f)      Award any and all other relief that may be necessary and appropriate.

Dated this 9th day of December, 2015.

Respectfully submitted,

_s/Scott Dinin._
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami Florida 33127
332 S Michigan Ave.
Suite 1032 - D673
Chicago, Il 60604
Tel: (786) 431-1333
inbox@dininlaw.com
_Counsel for Plaintiff_

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Civil Action Number:

ANCEL MONTENELLI,

     Plaintiff,

vs.

STAN'S DONUTS DAMEN AVE., LLC
d/b/a STANS DONUTS & COFFEE

     Defendant.

---

## VERIFICATION OF COMPLAINT

---

Plaintiff Ancel Montenelli declares under penalty of perjury under the laws of the State of Illinois that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 12/9/15

Ancel Montenelli

## EXHIBIT "A"